# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE W.J. LOUIS, | Case No. CV 18-10492-ODW (JEM) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |
| NUCLEAR REGULATORY, etc., et al., | |
| Respondents. | |

**INTRODUCTION**

On December 18, 2018, Joe W.J. Louis ("Petitioner"), a prisoner in federal custody proceeding <u>pro se</u>, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner is presently confined at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens").

Petitioner does not challenge the validity of his conviction or the length of his sentence. He also does not challenge the conditions of his confinement. Rather, he generally questions the safety and security surrounding the nuclear reactor at the San Onofre Nuclear Generating Station ("SONGS") in San Diego County, California.

As set forth more fully below, the Petition plainly fails to state a cognizable federal claim.

## DISCUSSION

In general, claims challenging the fact or duration of a prisoner's confinement should be presented in a habeas corpus petition, while claims challenging the conditions of confinement should be presented in a civil rights action. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005); Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Claims challenging the execution of a sentence are cognizable under § 2241 if there is a "causal link" between the execution of the petitioner's sentence and the "fact or duration" of his or her custody. See Benny v. United States Parole Com'n, 295 F.3d 977, 988-89 (9th Cir. 2002) (explaining that a § 2241 habeas corpus petition is the appropriate vehicle for an inmate's challenge to "the execution of a criminal sentence on grounds that a prisoner 'is in custody in violation of the Constitution or laws or treaties of the United States'") (quoting 28 U.S.C. § 2241(c) (3) and citing Benites v. United States Parole Comm'n, 595 F.2d 518, 520 n.1 (9th Cir. 1979)).

Petitioner's complaints about inadequate safety and security measures at SONGS do not implicate the fact or duration of his confinement. That is, a judgment in his favor would not undermine the validity of his conviction or otherwise accelerate his release from custody. See Ramirez, 334 F.3d at 859. Thus, he fails to allege a cognizable habeas claim.

Moreover, a favorable judgment would not alter the conditions under which he is confined. His complaints regarding safety and security at SONGS have no relationship to his confinement at FMC-Devens. Accordingly, he also fails to allege a cognizable civil rights claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

The Petition fails to state a cognizable federal claim. Because it is clear that amendment would be futile, the Petition should be dismissed with prejudice.

///
///
///

## ORDER

**IT IS HEREBY ORDERED** that the Petition be dismissed with prejudice.

DATED: January 7, 2019

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE